UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARSHA BURKETT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-384 |
| | § | |
| UNITED HEALTHCARE SERVICES, INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

## ORDER ON MOTION FOR REMAND

Before the Court is Plaintiff's Motion for Remand (D.E. 10). At issue is whether the Plaintiff's allegations, which are couched in state law terms, actually present a federal question under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq*, through the operation of its preemption provision, 29 U.S.C. § 1144. If they do, then this Court has federal question jurisdiction under 28 U.S.C. § 1331 and the Motion for Remand must be denied. For the reasons stated below, the Motion is DENIED.

Plaintiff, Marsha Burkett (Burkett), filed her lawsuit in a Texas Justice of the Peace Court alleging a breach of an insurance contract with respect to Defendant, United Healthcare Services Inc.'s (UHC's) failure to properly credit a payment toward the correct deductible, charging two annual deductibles, and failing to pay healthcare providers. D.E. 1-4. While Burkett does not recite any of the particulars of the insurance policy, UHC has demonstrated that it is a group policy issued to The Burkett Law Firm PLLC as an employer to eligible employees and their dependents. Burkett is covered as a

dependent of employee David Burkett. D.E. 1-3, p. 1. After being served on November 5, 2013, (D.E. 1-5), and filing its general denial on November 14, 2013, (D.E. 1-6), UHC timely removed the action to this Court on November 26, 2013, pursuant to federal questions presented by ERISA. D.E. 1.

UHC has submitted evidence that the insurance policy at issue qualifies for ERISA treatment (D.E. 1-3) and Burkett has not controverted that fact. According to the United States Supreme Court,

> the ERISA civil enforcement mechanism is one of those provisions with such "extraordinary pre-emptive power" that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Hence, "causes of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court."

*Aetna Health Inc. v. Davila*, 542 U.S. 200, 209-210 (2004) (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65–66 (1987)). Thus, if Burkett's specific complaints are preempted by ERISA, the removal to this Court was proper.

The claims that Burkett has stated are subject to "complete preemption" under 29 U.S.C. § 1132(a) (also known as § 502(a) of ERISA). *Giles v. NYLCare Health Plans*, 172 F.3d 332, 336 (5th Cir. 1999). Burkett clearly seeks "to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Pursuant to the ERISA preemption provision, 29 U.S.C. § 1144, the state law causes of action for breach of contract that Burkett has alleged are preempted. *See, e.g., Ellis v. Liberty Life Assurance Co.*, 394 F.3d 262, 276-78 (5th Cir. 2004).

In her Motion, Burkett suggests that the ERISA-based representations of UHC are conclusory and fail to take into account the ERISA savings clause, 29 U.S.C. § 1442(b)(2)(a). UHC has replied, pointing out detailed evidence attached to the Notice of Removal, which demonstrates that the policy is in fact an employer's group policy that requires participation of 75% of eligible persons and for which the employer pays 75% of the employee premiums. See D.E. 1-3. UHC's administrative responsibilities pursuant to an ERISA plan are also set out there. These facts are neither conclusory nor controverted.

UHC has further demonstrated that the ERISA savings clause or "safe harbor" provision does not apply. In particular, to be excluded from ERISA, all of the following must apply:

(1) No contributions are made by an employer or employee organization;

(2) Participation [in] the program is completely voluntary for employees or members;

(3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and

(4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

*Hansen v. Continental Ins. Co.*, 940 F.2d 971, 976 (5th Cir. 1991) (citing 29 C.F.R. 2510.3-1(j)).

The failure of any one element precludes application of the safe harbor to an ERISA plan. *See Memorial Hospital System v. Northbrook Life Ins. Co*., 904 F.2d 236, 241 n.6 (5th Cir. 1990). UHC has demonstrated that, at the very least, the policy at issue here fails to meet the first and third elements. D.E. 11, p. 5; D.E. 1-3. Burkett has not controverted these facts.

For these reasons, this Court has federal question jurisdiction and Plaintiff's Motion for Remand (D.E. 10) is DENIED.

ORDERED this 17th day of January, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE